IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CV-147-FL

| | | |
|---|---|---|
| TIMOTHY BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BUTTERBALL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for reconsideration of the court's September 13, 2023, order denying plaintiff leave to amend his complaint (DE 30). For the following reasons, plaintiff's motion for reconsideration is denied. The court also takes opportunity here to address rising tensions in discovery impacting the orderly progress of the case.

## BACKGROUND

Plaintiff filed complaint February 14, 2023, alleging violations of Title VII of the Civil Rights Act of 1964. Defendant filed answer April 13, 2023. Plaintiff then filed amended complaint June 30, 2023, which the court construed as a motion for leave to amend and denied. (See Mot. Amend/Correct (DE 20); Order (DE 28)). Plaintiff now seeks reconsideration of that order.

**COURT'S DISCUSSION**

A. Motion For Reconsideration

Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Compared to post-judgment Rule 59(e) motions, Rule 54(b) gives district courts "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017).

The discretion provided by Rule 54(b), however, "is not limitless." Id. The court may revise an interlocutory order only in the following circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Id.; see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003). Motions to reconsider are "disfavored" and granted "sparingly." E.g., Nadendla v. WakeMed, 24 F.4th 299, 304 (4th Cir. 2022); Wootten v. Virginia, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016).

Plaintiff now argues that the court should not have denied leave to amend his complaint because he sought merely to replace pseudonyms with individual employees' real names. But plaintiff's brief on the motion to amend expressly stated that he sought to join individual employees of defendant as "additional parties." The court's order denied leave to amend on grounds of futility, because Title VII does not permit individual liability. Plaintiff, proceeding pro se, asserted an alternative argument in his original brief that the court should permit amendment

to change employees' pseudonyms in the body of his complaint to the employees' real names. Plaintiff focuses on this argument in the instant motion.

However, plaintiff presented this point in passing in a single sentence of his original brief. This perfunctory mention of an argument is insufficient to present it properly for the court's consideration. See Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 n.* (4th Cir. 2014). But with deference to plaintiff's pro se status, plaintiff's argument is given consideration.

Plaintiff does not point to any particular error in, or injustice resulting from, the court's prior order, or to any change in applicable law. Plaintiff places reliance upon his discovery of individual employees' real names through discovery. Construing plaintiff's filing liberally in light of his pro se status, his motion is therefore perhaps cognizably based upon a new or different evidence argument.

The United States Court of Appeals for the Fourth Circuit established, in Boryan v. United States, a five-element test for new evidence-based motions to reconsider under Rules 59 and 60: (1) the evidence must be newly discovered; (2) the movant must have exercised due diligence to discover the new evidence; (3) the evidence is not cumulative or merely impeaching; (4) the evidence is material; and (5) the evidence is likely to produce a new outcome if the case were retried, or would require the judgment to be amended.

District courts within this circuit, including this one, have followed a similar approach and applied this test to motions under Rule 54. E.g., I.P. ex rel. Newsome v. Pierce, No. 5:19-cv-228-M, 2020 WL 3405209, at *2 (E.D.N.C. June 19, 2020) (applying Boryan test to Rule 54 motion); Webb v. Daymark Recovery Servs., Inc., 1:21cv424, 2023 WL 3203164, at *10 (M.D.N.C. May 2, 2023) (same); In re Vulcan Constr. Materials, LLC, 433 F. Supp. 3d 816, 823–24 (E.D. Va. 2019) (holding that new evidence failed Boryan standard under both Rules 54 and 59); Slavin v.

Imperial Parking (U.S.), LLC, No. CV PWG-16-2511, 2018 WL 337758, at *4 (D. Md. Jan. 9, 2018) (applying Boryan factors to Rule 54 motion), amended, No. CV PWG-16-2511, 2018 WL 826520 (D. Md. Feb. 9, 2018).

The court will assume without deciding that plaintiff's new evidence satisfies the first three Boryan factors. However, plaintiff cannot demonstrate the last two. The addition of real names to the body of the complaint is immaterial and would not produce any different outcome because, again, Title VII does not contemplate or permit individual employee liability. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). The addition of individual employees, whether as official parties in the case's caption or, as plaintiff seemingly argues, as de facto parties in the complaint's body, would be futile and therefore immaterial under Boryan.

Plaintiff's position that employees' real names should appear in the complaint because "they are a part of the lawsuit" also fails to satisfy the Boryan factors. Individual employees appearing in the factual allegations of the complaint under their real names instead of pseudonyms would not affect plaintiff's allegations against defendant, or resuscitate his futile claims against the individuals. In so holding, nothing in this order should be read to preclude plaintiff from calling these individuals as witnesses. But their real names are irrelevant to whether he has stated a claim in his complaint.

The court therefore must conclude that plaintiff has failed to establish grounds for reconsideration under Rule 54. He presents no argument on clear error and injustice, or on a change in controlling law. Even construing his motion to present a new evidence argument, his new evidence is immaterial and would not result in any different outcome.

B. Case Management Issues

Report of mediator filed November 13, 2023, reveals plaintiff's failure to attend any mediation. (DE 37). Plaintiff has made a copy of a letter addressing problems with mediation a part of the court's file, which letter, filed November 15, 2023, seeks to raise issues concerning about defendant's responses in discovery and appears to endorse future mediation. (DE 38).

Under the schedule currently in effect, all discovery was due to be completed by December 1, 2023, and dispositive motions are due to be filed by February 1, 2024. Each side has filed a motion to compel (DE 34, 44). Defendant has moved for sanctions against plaintiff for his failure to attend his own deposition (DE 39). Defendant has moved to extend the discovery period (DE 43). Plaintiff has filed a motion for partial summary judgment which defendant opposes, among other reasons, on grounds that it has had insufficient opportunity for discovery. (DE 46, 51).

The parties' discovery deadline of December 1, 2023, under these circumstances could not have been met, nor can the current dispositive motion deadline of February 1, 2024, be met. The court of its own initiative, SETS ASIDE the February 1, 2024, dispositive motions deadline.

And because plaintiff's motion for partial summary judgment was filed in the context of simmering discovery disputes mentioned above, where both sides complain of discovery deficiencies, plaintiff's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure (DE 46) should be and is dismissed without prejudice to renewal. See, e.g., Goodman v. Diggs, 986 F.3d 493, 500 (4th Cir. 2021). When discovery is done, a new deadline will be set for the filing of this type of motion, per the below.

1. Referral to the Magistrate Judge

This case would benefit from some immediate, direct oversight, including potential for settlement, address of issues concerning in discovery, and setting of a new deadline for the filing

of dispositive motions. Towards this end, the court directs United States Magistrate Judge Kimberly A. Swank to oversee immediate management of the case. The court refers the parties' pending discovery motions (DE 34, 39, 43, 44) to the magistrate judge for decision.

Magistrate Judge Swank shall undertake, at a time of her convenience, in-person conference with the parties pursuant to Rule 16 of the Federal Rules of Civil Procedure, for the purposes therein stated, and with regard to her address of discovery issues, to determine a new deadline for filing of dispositive motions. If it appears to the magistrate judge that the parties' immediate focus on settlement should be promoted, and some time carved out in the case schedule for that, her order on scheduling, amending the current scheduling order, shall so reflect. Unless specifically changed as a result of the magistrate judge's oversight in this case, all other terms and conditions of the court's scheduling order shall remain in force and effect.

## CONCLUSION

Based on the foregoing, the current dispositive motions deadline of February 1, 2024, is SET ASIDE. Plaintiff's motion for reconsideration of the court's September 13, 2023, order (DE 30) is DENIED. Plaintiff's motion for partial summary judgment (DE 46) is DISMISSED, without prejudice. The clerk shall refer the parties' pending discovery motions (DE 34, 39, 43, 44) to Magistrate Judge Swank for decision.

SO ORDERED, this the 31st day of January, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge