IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-147-FL-KS

| | |
|---|---|
| TIMOTHY BEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BUTTERBALL, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's Motion for Sanctions for Failure to Comply with April 1, 2024 Discovery Order [DE #67]. Plaintiff has responded, and the motion is therefore ripe for ruling. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

This is an action for employment discrimination brought by Plaintiff, Timothy Best, against his former employer, Butterball, LLC ("Butterball"). Plaintiff's complaint alleges that Butterball harassed and unlawfully terminated him based on his race/color and in retaliation for complaints made by Plaintiff to Butterball's human resources department.

On March 21, 2024, the court held a nonfinal pretrial conference and motion hearing. Plaintiff was present and represented himself; Butterball was represented by Theresa Marie Sprain of Baker Donelson. The court heard from the parties concerning various matters, including Plaintiff's failure to appear for deposition,

which had been noticed with Plaintiff's consent for November 3, 2023,[1] and Plaintiff's failure to attend mediation scheduled for November 6, 2023.

At the hearing, Plaintiff offered various reasons for his non-attendance[2] and appeared generally uninformed about the parties' roles and responsibilities with respect to discovery and other procedures applicable to civil litigation. Plaintiff asserted that discovery in the case had been one-sided, though he admitted he had not utilized discovery procedures available to him. Plaintiff indicated he wanted to depose certain employees or former employees of Defendant and complained that had not occurred. However, Plaintiff admitted he had not served any notices of deposition or subpoenas to compel the attendance of witnesses on the dates discussed by the parties. Plaintiff also stated he had attempted to settle the case but Butterball had not made any settlement offers.

Based upon the information presented by the parties, the court granted Butterball's motion to compel Plaintiff's deposition testimony, denied without

---

[1] The deposition was canceled after Plaintiff informed counsel for Defendant on October 26, 2023, that he was refusing to attend. At the hearing, Plaintiff stated he could not find a ride to the deposition but did not inform Defendant's counsel of his transportation issues or ask if the deposition could be held at a different location. An email from Plaintiff dated October 31, 2023, suggests a different reason for his nonappearance – that he was refusing to attend the deposition because he believed Butterball had unjustifiably withheld discovery from him. (Decl. Carson Lane [DE #36] ¶ 16 ("I am not attending to no disposition [sic] until I get demands from the Court for Butterball, LLC to produce the deleted video and the admissions . . . . You guys want your cake and to eat more too.") (quoting email from Plaintiff to counsel for Butterball).)

[2] Plaintiff mentioned lack of transportation, insufficient funds to travel, his phone having been stolen, and confusion over the time due to daylight savings time.

prejudice Butterball's motion for sanctions for Plaintiff's failure to attend mediation, and directed the parties to confer, *in person or by telephone or videoconference*, with regard to any depositions to be conducted, the possibility of mediation or a court-hosted settlement conference, and case management deadlines. (4/1/24 Order [DE #65].) Butterball agreed to conduct depositions at a location closer to Plaintiff's residence and work, so the court specifically instructed the parties to discuss mutually agreeable dates and procedures for Defendant's deposition of Plaintiff and any depositions to be conducted by Plaintiff. The court further ordered the parties to file a joint report, on or before April 4, 2024, "informing the court of the parties' progress in reaching an agreement" as to the depositions, case management deadlines, and mediation. (*Id.* at 2.)

On April 4, 2024, Butterball filed a report, informing the court it had taken the following steps in response to the court's order:

- Prior to leaving the courtroom on March 21, 2024, counsel for Butterball obtained Plaintiff's email address and telephone number.
- Counsel for Butterball sent emails to Plaintiff on the following dates: March 22, March 25, March 27, April 1, April 2, and April 3.
- Counsel for Butterball placed telephone calls to Plaintiff on the following dates: March 25, March 27, April 2, and April 3.

Butterball stated it had not been able to reach Plaintiff by telephone or email and was therefore unable to report a confirmed date for any depositions. (Def.'s Status Rep. [DE #66].)

3

Thereafter, on May 6, 2024, Butterball filed a motion for sanctions for Plaintiff's failure to comply with the court's April 1, 2024, Order. (Def.'s Mot. Sanctions [DE #67].) Butterball reported that after filing its status report on April 4, 2024, Plaintiff contacted Butterball's counsel via email on April 10, 2024, indicating he had lost his phone's SIM card following the hearing. (*Id.* ¶ 11 & Ex. 1 [DE #67-1] at 3, 15–17.) Plaintiff did not explain why he had not responded to the emails sent by Butterball's counsel or why he did not make other arrangements to confer with Butterball's counsel as ordered by the court. That same day, April 10, 2024, Butterball's counsel informed Plaintiff they needed to confer about certain matters prior to scheduling any depositions. Butterball states it did not hear from Plaintiff again until April 16, 2024, when Plaintiff emailed Butterball's counsel stating, in part:

> I tried to call you today however, to no avail. Now, I am emailing you again about this same situation. Now, it appears that you all are not trying to make a real effort to have the dispositions [sic], mediation or settlement conference in an effort to try to have this case dismissed. I will be relaying all of my contacts with you to the Hon. Kimberly A. Swank about you all half efforts.

(Ex. C [DE #67-1 at 21].) In response, Butterball's counsel emailed Plaintiff as follows:

> Mr. Best,
>
> I made multiple attempts to contact you before the Court's [April 4] deadline. Given the short time that we had and the details to be discussed in order to schedule the depositions, this made sense to do by email or phone. You did confirm your email and phone number to me in the courtroom. I could not reach you at either despite multiple attempts. However, I have no record of you trying to contact me through any method between the court hearing and April 4.

4

> As for today, I do not have a message from you today at my office, and no communication from you at all since my email on April 10, six days ago.
>
> As I said in my last email, you are welcome to update the Court with your position, and we will do the same.

(Ex. C. [DE #67-1 at 24].) Butterball states it next heard from Plaintiff by email sent April 25, 2024, in which Plaintiff said his phone "has been coming on and going off line." (Ex. D [DE #67-1 at 28].) Plaintiff provided another telephone number and stated "It look like May 7, 2024, will be a good date to have the deposition." (*Id.*) On April 26 and May 1, Butterball reminded Plaintiff of the need to update the court. On May 1, 2024, counsel for Butterball wrote:

> Mr. Best,
>
> We were ordered by Judge Swank to consult regarding the depositions prior to April 4. You did not return any of my emails and I could not reach you by phone. We submitted our position on scheduling to the Court in the Status Order [sic] you have received. I shared with you on April 10 that you could provide an update to the Court and we were awaiting further instruction. I have not seen that you have done this. As a result, we are preparing our own update to the Court. I have shared this with you in my prior messages.

(Ex. E [DE #67-1 at 43].)

On May 6, 2024, Butterball filed the instant motion requesting that the action be dismissed. Plaintiff did not respond in a timely fashion. However, more than a month after his response deadline had passed, Plaintiff submitted a letter informing the court that he had planned to respond to Butterball's motion for sanctions but "got so busy looking for work" and a place to live that he did not have time. (Letter to Court [DE #70].) In the letter, which was received by the court on July 8, 2024, and

5

postmarked July 2, 2024, Plaintiff states that he is in custody in the Beaufort County jail following his arrest for reckless driving, driving while licensed revoked, and speeding. (*Id.*) He states he does not know why his deposition did not take place on May 7, 2024, accuses Butterball's counsel of "making up excuses in order to get this case dismissed," and requests an extension of time to respond to Butterball's motion. (*Id.*)

On August 2, 2024, Plaintiff filed a "Position of Disposition" in which he states he was unable to receive telephone calls from Butterball's counsel after the court hearing because his phone had been stolen. (Pl.'s Resp. Opp'n Mot. Sanctions [DE #71] at 1.) Plaintiff claims he "found out [Ms. Sprain] was trying to contact" him when he "reached out to her through email." (*Id.*) He states he has been trying to settle the matter but Butterball has refused. (*Id.*)

## DISCUSSION

Presently before the court is Butterball's motion for sanctions. Butterball contends that dismissal of the action is the appropriate sanction for Plaintiff's failure to comply with the court's April 1, 2024, discovery order given Plaintiff's prior failure to appear for deposition and mediation.

The Federal Rules of Civil Procedure authorize a court to impose sanctions where a party unjustifiably resists discovery. Where a party fails to obey an order to provide or permit discovery or fails to appear for his deposition, sanctions may include an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(1)(A)(i), (d)(3). The court may also dismiss an action "[i]f the

6

plaintiff fails to prosecute or to comply with the[ ] rules or a court order." Fed. R. Civ. P. 41(b). "The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41." *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at \*2 (4th Cir. 1994) (unpublished table decision) (per curiam). In assessing the appropriateness of dismissal as a sanction, the court considers four factors: (1) the noncomplying party's degree of fault; (2) the amount of prejudice caused the other party; (3) the history of non-compliance and need for deterrence ; and (4) the effectiveness of sanctions less drastic than dismissal. *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400 (4th Cir. 1994); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Dismissal is a severe sanction, reserved for extreme cases, and may be ordered only after a party is given a clear and explicit warning his conduct may result in dismissal. *Lewis v. Smithfield Packing Co.*, No. 7:07-CV-166-H, 2009 WL 10689024, at \*1 (E.D.N.C. Sept. 3, 2009), *M. & R. adopted by* 2009 WL 10689022 (E.D.N.C. Oct. 21, 2009).

Applying the factors to this case, the court first finds Plaintiff's degree of fault to be high. Plaintiff failed or refused to appear for both a mediated settlement conference and his deposition. Both the mediation and deposition had been scheduled following consultation with Plaintiff about his availability, and notice was properly served on Plaintiff. Plaintiff gave no notice for his non-attendance at the mediation. When Plaintiff failed to appear, the mediation was rescheduled with Plaintiff for later in the day and again for the following day. Plaintiff did not appear on any of the occasions. Though Plaintiff gave advance notice of his refusal to be deposed, it was

7

only after Butterball's counsel had contacted Plaintiff to confirm his attendance. The reasons given by Plaintiff for his non-appearance at the mediation and deposition were not justifiable. Following a hearing on Plaintiff's actions, the court compelled Plaintiff's deposition testimony and ordered the parties to confer, *in person or by telephone or videoconference*, regarding the dates and procedures for depositions, as well as new case management deadlines and the possibility of a mediated settlement conference. The parties were given two weeks to confer and to submit a joint status report to the court. Plaintiff was aware of the court's order requiring him to confer with Butterball's counsel, but Plaintiff made no attempt to do so and did not respond to Butterball's attempts to contact him. This constitutes bad faith on Plaintiff's part. *See Carter*, 23 F.3d 400 (repeated noncompliance with discovery orders can show bad faith).

Plaintiff's failure to comply with the court's April 1, 2024, discovery order has prejudiced Butterball. The discovery deadline has passed,[3] with no opportunity for Butterball to depose Plaintiff concerning his claims and to fully investigate the allegations Plaintiff has made against it. "[A] defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process." *Ellis v. Wal-Mart Distrib.*, No. 3:10-CV-76-MOC-DSC, 2011 WL 3804233, at *2 (W.D.N.C. Aug. 2, 2011), *R. & R. adopted sub nom. Ellis v. Distrib. Tech., Inc.*, 2011 WL 3804294 (W.D.N.C. Aug. 29, 2011). Butterball has also expended time and

---

[3] Plaintiff did not confer with Butterball concerning new case management deadlines as ordered to do so in the court's April 1, 2024, order, and the deadline for completion of discovery, originally set for December 1, 2023, has passed.

8

legal expenses in its efforts to secure Plaintiff's compliance with the discovery process and this court's prior discovery order.

The third factor also supports dismissal. Plaintiff has repeatedly failed to participate in discovery and mediation. Plaintiff's pro se status does not absolve him of the responsibility to comply with the rules and procedures of this court, and the court advised him of such at the March 21, 2024, hearing. Strong deterrent measures are needed in circumstances where, as here, a party repeatedly fails to comply with discovery and the court's orders. *See Barclift v. Sentara Albemarle Reg'l Med. Ctr.*, No. 2:17-CV-8-D, 2018 WL 1721947, at *3 (E.D.N.C. Mar. 20, 2018) ("It is not difficult to recognize that ignoring an opposing party's requests for depositions, disregarding court orders, and delaying one's own case is conduct the court should dissuade."), *M. & R. adopted by* 2018 WL 1720760 (E.D.N.C. Apr. 9, 2018).

The likelihood that less drastic sanctions would be effective seems low. In its April 1, 2024, discovery order, the court not only gave Plaintiff input into the scheduling and procedures for depositions, but the court also secured Butterball's agreement to conduct the depositions at a time and location convenient to Plaintiff. At the same time, the court denied without prejudice Butterball's motion for sanctions, including reasonable attorney's fees and expenses.

Nevertheless, the court finds that dismissal of the action is not appropriate at this time. Prior to imposing dismissal as a discovery sanction, the court must provide a clear and explicit warning that failure to satisfy certain conditions or comply with

9

the court's discovery orders might result in dismissal of the action with prejudice. No such warning has been given in this case.

Plaintiff's resistance of discovery in this case has not been substantially justified and the court discerns no reason to believe that an award of costs and fees would be unjust given Plaintiff's recent noncompliance with this court's discovery orders. *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring court to award reasonable expenses, including attorney's fees, upon grant of motion to compel except where motion was filed before good faith attempt to obtain discovery, resistance to discovery was substantially justified, or other circumstance make an award of expenses unjust); Fed. R. Civ. P. 37(b)(2)(C) (authorizing award of attorney's fees and expenses as or in addition to other sanctions for party's failure to comply with discovery order).

Accordingly, in lieu of dismissal, the court finds that an order should be entered compelling Plaintiff to (i) make himself available for deposition by Defendant during the month of October; and (ii) pay Butterball's reasonable expenses, including attorney's fees.

## CONCLUSION

For the foregoing reasons, Butterball's motion for sanctions [DE #67] is GRANTED IN PART and DENIED IN PART and it is ORDERED as follows:

1. Plaintiff shall make himself available for deposition by Defendant on such date and at such time and location as are reasonably noticed by Defendant. At or before **12:00 p.m. EST on October 11, 2024**, Plaintiff shall provide counsel for

10

Case 4:22-cv-00147-FL-KS   Document 73   Filed 10/03/24   Page 10 of 12

Butterball written notice of at least three dates he is available for deposition by Defendant during the month of October 2024.

2. On or before **October 16, 2024**, the parties shall file a joint written notice informing the court of the date scheduled for Plaintiff's deposition.

3. Plaintiff shall be required to pay Butterball's reasonable expenses, including attorney's fees, incurred in connection with its motions to compel and for sanctions, the amount of which will be determined by separate order. On or before **November 1, 2024**, Butterball shall file an affidavit of any reasonable expenses, including attorney's fees, sought as a result of Plaintiff's noncompliance with discovery. Plaintiff shall have **fourteen (14) days** to file written objections to any such expenses sought by Butterball.

4. The deadlines set forth in the court's Case Management Order [DE #19] are AMENDED as follows:

    a. The discovery deadline shall be extended to **November 1, 2024**, for the limited purpose of Defendant conducting the deposition of Plaintiff. No other depositions may be conducted, and no additional written discovery may be propounded by either party.

    b. All potentially dispositive motions shall be filed by **January 6, 2025**.

All other terms and conditions set forth in the court's June 9, 2023, Case Management Order [DE #19], not altered herein, shall remain in full force and effect.

5. **Failure by Plaintiff to appear for deposition or to otherwise comply with this order shall subject him to the imposition of sanctions, which may include dismissal of this action with prejudice.** *See* Fed. R. Civ. P. 37(b)(2) (sanctions for noncompliance with discovery order), 41(b) (dismissal for failure to prosecute or to comply with rules or court order).

This 3rd day of October 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge